[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband, 48, and the defendant wife, 39, whose birth name is Dulick, married on August 29, 1981 in Rye, New York. Three children have been born to the marriage: Max Manuel d.o.b. February 24, 1985; Elizabeth Anne d.o.b. November 29, 1986; and Carly Amanda d.o.b. July 10, 1989. Both parties are in good health. Both parties have college degrees. Both parties have been Connecticut residents continuously for several years prior to the filing of this action for dissolution thereby affording this court jurisdiction, § 46b-44(c).
The parties have filed a written stipulation with the court CT Page 3396 agreeing to joint legal custody, primary residence with the defendant and giving the plaintiff liberal visitation rights. The court will incorporate the stipulation in the judgment. The defendants net income slightly exceeds the maximum net weekly income of $1,750. The child support of $572 provided at that maximum $1,750 level is the minimum presumptive amount that can be ordered.
The marital home located at 12 Clara Drive, Norwalk, Connecticut, which the parties have owned since August 11, 1987, is stipulated by them to have a fair market value of $245,000. It is encumbered by a $166,458 mortgage balance.
During the marriage, the plaintiff has worked in the insurance industry. He is currently employed by Cologne Life Reinsurance as vice-president in Stamford, Connecticut. His current salary monthly gross is $10,028.21 and after mandatory deductions for taxes and health insurance premiums, net monthly is $6,630. In addition, he received a gross bonus in 1998 of $27,000 and net, after taxes, of $16,000. He has retirement funds listed as of January 1, 1999 as $71,547.95 and "Defined Benefits" of $9,000. It is not clear to the court if this is a defined benefit pension. His employer is a subsidiary of General Re which in turn is owned by Berkshire Hathaway. His work requires extensive travel.
The defendant has been primarily a homemaker during the marriage although she has worked part-time as a substitute teacher. Both parties enjoy reasonably good health.
The primary cause of the marriage breakdown is attributed to the defendants extra marital affairs. The final separation occurred in August, 1998.
The parties have several liabilities in addition to the mortgage. There is one joint Visa card with a balance of $6,573 as shown on the plaintiffs financial affidavit. The plaintiff has an American Express card listed on his financial affidavit for $4,201 and ATT MasterCard for $13,457, as his solely. The defendant lists a First Card Visa for $6,500, a debt to her mother for $12,500 and legal fees of $9,000, all hers solely.
Having reviewed the evidence in light of the statutory criteria of § 46b-81 and § 45b-82 as well as relevant case law, the court enters the following decree. CT Page 3397
1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown. Each party is declared unmarried.
2. Joint legal custody of the three minor children is ordered. Primary residence is with the mother. The father is given reasonable visitation which the parties agree shall be on alternate weekends and one weekday evening overnight.
If either parent plans to relocate, he/she is to provide at least 90 days written notice to the other parent and permission from the court must be obtained if it involves a relocation for the children.
Each parent will make his/her best efforts to provide care for any of the children in the event of illness of a child or children.
3. The plaintiff shall pay the defendant the sum of $575 weekly child support for the three minor children.
4. The plaintiff shall pay to the defendant, as periodic alimony, the sum of $2,000 monthly to terminate in any and all events at the expiration of eight years or sooner upon either party's death, the defendant's remarriage or future court order. Section 46b-86(b) applies to this order.
5. A wage withholding order is entered to secure the periodic orders as provided by law.
6. The real property known as 12 Clara Drive, Norwalk, Connecticut is ordered sold. The net proceeds are to be divided equally between the parties. Either party may move the court for further articulation of this order if the parties cannot agree on any terms of listing or sale. The People's Visa debt shall be paid from the proceeds.
7. The contents of the home shall be divided equally between the parties. Any disagreement shall be mediated by the Family Relations Office and failing resolution, hearing by the court.
8. All retirement funds shall be divided equally between the parties.
9. The plaintiffs pension shall be divided between the CT Page 3398 parties as of the date of judgment.
10. All bank accounts and stocks of the parties shall be divided equally between the parties. The UGTM accounts are not included.
11. Each party shall continue to maintain his or her existing life insurance, naming the children as a group as primary beneficiary, until the youngest no longer requires child support.
12. The plaintiff shall continue to maintain all health insurance for the benefit of the children Unreimbursed expenses shall be borne equally by the parties. Section 46b-84(d) applies to this order.
13. The plaintiff shall cooperate with the defendant if she elects to continue health insurance for herself via COBRA.
14. The plaintiff shall be solely responsible for the Cologne Re 401(k) loan repayment which shall be charged to his half when divided as ordered, supra. He shall be solely responsible for the American Express debt and the ATT MasterCard debt.
15. The defendant shall be solely responsible for the First Card debt and her obligation to her mother.
16. No allowance to prosecute or to defend is ordered.
Counsel for the plaintiff is requested to prepare the judgment file. Both counsel shall cooperate in processing any QDRO documents.
HARRIGAN, J.